**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSALIO VARGAS-GARCIA, | No. 20-73226 |
| Petitioner, | Agency No. A206-548-081 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2023**
Portland, Oregon

Before: M. SMITH, FORREST, and SUNG, Circuit Judges.

Petitioner Rosalio Vargas-Garcia, a citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals ("BIA") affirming in full an

Immigration Judge's ("IJ") denial of cancellation of removal. Under 8 U.S.C.

§ 1252(a)(2)(D), we have jurisdiction to review questions of law presented in a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review of an agency decision denying cancellation of removal. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978–79 (9th Cir. 2009). Vargas-Garcia's petition presents two such questions. However, for the reasons stated below, we deny the petition.

1. The IJ correctly applied the controlling standard when determining whether removal would result in exceptional and extremely unusual hardship to a qualifying relative of Vargas-Garcia.[1] Under 8 U.S.C. § 1229b(b), a qualifying relative includes a "child" of the petitioner. 8 U.S.C. § 1101(b)(1) defines a "child" as an "unmarried person under 21 years of age." Vargas-Garcia argues that the IJ failed to apply that statutory definition of "child" and erroneously treated Vargas-Garcia's then 19-year-old son as an adult. For evidence of this asserted error, Vargas-Garcia relies on the following statement of the IJ: "Although he still qualifies as a qualifying relative for consideration in your application, for all intents and purposes he is an adult." This statement does not evidence error. The IJ's decision stated that all three of Vargas-Garcia's children were qualifying relatives and explained that the 19-year-old son was a Marine and out of the house. Thus, viewing the statement that Vargas-Garcia points to in context, the IJ was merely explaining that the 19-year-old son would not experience an exceptional

---

[1] "[W]hether an IJ failed to apply a controlling standard governing a discretionary determination is a question over which we have jurisdiction under § 1252(a)(2)(D)." *Mendez-Castro*, 552 F.3d at 979.

2

and extremely unusual hardship upon separation from his father because of his age and self-sufficiency.

2. The IJ did not fail to consider relevant evidence before denying cancellation of removal.[2] Vargas-Garcia argues that the IJ failed to consider evidence of his rehabilitation and hardship to his 19-year-old child. In explaining her decision to deny relief, the IJ expressly acknowledged that Vargas-Garcia had not been arrested for an alcohol-related offense since 2013 and that he testified "he only consumes alcohol on an occasional basis." She just concluded those facts did not overcome Vargas Garcia's two convictions for driving under the influence. Further, as explained above, the IJ did not fail to treat Vargas-Garcia's 19-year-old child as a qualifying relative. Rather, the IJ concluded that the hardship to Vargas-Garcia's children did not meet the "exceptional and extremely unusual hardship" standard, a discretionary determination over which we do not have jurisdiction to review. *See Mendez-Castro*, 552 F.3d at 980–81.

**PETITION DENIED.**

---

[2] We have jurisdiction to review whether the IJ considered all relevant evidence. *Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir. 2019).